PEOPLE v. KUBERACKI.

1. CRIMINAL LAW—BRIBERY—IMMUNITY OF WITNESS.

In prosecution of city council member for accepting a bribe to influence his official action in awarding a contract for parking meters, where one of the givers of the bribe was asked on

cross-examination if he was granted immunity at the time he testified before the so-called one-man grand jury, it was not reversible error for the trial judge to rule that the witness could answer or not as he pleased.

2. BRIBERY—PRODUCTION OF BRIBER'S BOOKS AND RECORDS.
   In prosecution of city council member for accepting a bribe to influence his official action in awarding a contract for parking meters, it was not error to refuse to compel the prosecution to produce the books and records of the successful bidder for the contract.

3. SAME—PARKING METERS—CONFRONTATION OF WITNESSES.
   In prosecution of city council member for accepting a bribe to influence his official action in awarding a contract for parking meters, the introduction in evidence of a communication which had been read to the council recommending another kind of parking meter was not error in that the engineers who made the report upon which the communication was based did not confront defendant as witnesses as he was not prosecuted for paying no attention to the communication (Const. 1908, art. 2, § 19).

4. SAME — PARKING METERS — CROSS-EXAMINATION — CITY COUNCIL MEMBER.
   In prosecution of city council member for accepting a bribe to influence his official action in awarding a contract for parking meters, cross-examination relative to prominence of members of the chamber of commerce which had forwarded a communication as to parking meters, which had recommended a different kind of meter than that contracted for, *held,* not reversible error although it should not have been permitted.

5. CRIMINAL LAW—REPUTATION—CROSS-EXAMINATION OF DEFENDANT —COLLATERAL MATTERS.
   In prosecution of city council member for accepting a bribe where defendant was a witness in his own behalf, upon cross-examination as to matters bearing upon his reputation the prosecution could raise no issue since it would be bound by his answers on collateral matters.

Per NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ.

6. SAME — BRIBERY — PERJURY — SELF-INCRIMINATION — ONE-MAN GRAND JURY.
   In prosecution of city council member for accepting a bribe wherein bribe giver who had previously testified before a so-called one-man grand jury was a witness while question as to

whether or not such witness would be afraid of prosecution for perjury if he should testify at the trial that defendant did not take the money as a bribe was a proper question, refusal to compel an answer notwithstanding the witness did not literally assert his constitutional right against self-incrimination was also proper (Const. 1908, art. 2, § 16).

Per NORTH, C. J., and BUTZEL, SHARPE, BOYLES, and REID, JJ.

Appeal from Wayne; Callender (Sherman D.), J. Submitted October 12, 1944. (Docket No. 75, Calendar No. 42,488.) Decided November 30, 1944. Rehearing denied February 20, 1945.

Joseph T. Kuberacki was convicted of accepting a bribe as a public officer. Affirmed.

*Berger, Manason & Kayes,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Harold Helper,* Assistant Prosecuting Attorney, for the people.

WIEST, J.   Upon trial by jury defendant was convicted of the crime of accepting a bribe of $500 to influence his official action, as a member of the Hamtramck city council, in awarding a contract for parking meters on the streets of the city.

Defendant admits he received $500 from the company to whom he voted an award of the contract but claims the money was a campaign contribution. The givers of the money testified it was a bribe. Defendant reviews by appeal, claiming errors at the trial.

The prosecution arose out of a one-man grand jury investigation wherein the givers of the bribe were witnesses.

At the trial one of such witnesses was asked, on cross-examination by the attorney for defendant, if

he was granted immunity from self-incrimination at the time he testified before the grand jury. The trial judge held he could answer or not as he pleased, and he declined to state. It would have been well had the court required a yes or no answer, but the error does not command reversal for no juror would be so dumb as not to sense the fact that immunity from prosecution lay back of the self-incriminating testimony of the witness.

The court was not in error in refusing to compel the prosecution to produce the books and records of the successful bidder for the parking meters contract.

While the subject of parking meters was before the city council the Hamtramck Board of Commerce sent a letter to the council, stating in effect that, upon report of employed engineers, it recommended selection of parking meters other than those thereafter contracted for by the city. This communication was proper and read by the city clerk at a meeting of the council and in the presence of defendant. Defendant objected to introduction of the communication, claiming right to be confronted by the engineers * and have the privilege of cross-examination. Defendant was not prosecuted for paying no attention to the communication. If defendant exercised his independent judgment, uninfluenced by a bribe, then the communication was of no moment in the case. It was not necessary for the prosecution to call the engineers. The communication has little relevancy to the issue in the case unless it can be said it afforded a circumstance connected in some way with bribery of defendant.

Defendant was a witness in his own behalf and, upon cross-examination, was questioned relative to the prominence of members of the chamber of com-

---

* See Const. 1908, art. 2, § 19.—REPORTER.

merce. That should not have been permitted but, as said before, it is not of sufficient moment to command reversal. In his own behalf defendant detailed his personal history from humble origin to chief of police of the city of Hamtramck and a member of the council. He accorded himself a commendable record but opened the way for the prosecution, on cross-examination, to ask him about other matters bearing upon his reputation. Upon this, no issue could be raised for the prosecution would be bound by his answers on such collateral matters.

Upon cross-examination, counsel for defendant asked the alleged giver of the bribe the following question:

"Now if you were to say now that Mr. Kuberacki didn't take money from you as a bribe, you are afraid that you might be prosecuted for perjury?"

The court ruled:

"If the witness desires to answer it he may answer it.
"Q. Do you desire to answer it?
"A. Not that question, no, sir."

The question was improper.

Defendant's motion for a new trial was properly denied.

The other questions presented have been examined and we find no error calling for reversal.

The conviction is affirmed.

STARR and BUSHNELL, JJ., concurred with WIEST, J.

NORTH, C. J. I concur with Mr. Justice WIEST in affirmance; but I do not agree that the question asked of the alleged bribe-giver upon cross-examination was "improper." The question was: "Now if you were to say now that Mr. Kuberacki didn't take

money from you as a bribe, you are afraid that you might be prosecuted for perjury?" ' The question was proper; but since the answer might have been self-incriminating, the trial court correctly refused to compel an answer notwithstanding the witness did not literally assert his constitutional right against self-incrimination.*

BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred with NORTH, C. J.